Jeremy C. Johnson, Bar #025203
David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4453
Fax: (602) 200-7868
jjohnson@jshfirm.com
dpotts@jshfirm.com

Attorneys for Defendant Arvig Enterprises, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| K.W. Brock Directories, Inc. aka Names and Numbers, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>Arvig Enterprises, Inc. dba Arvig Media, a Minnesota corporation; Cyndi Beck aka Cyd Beck and Doe Beck, a married couple,<br><br>Defendants. | No. 3:25-cv-08172-MTL<br><br>**Defendant Arvig Enterprises, Inc.'s Partial Motion to Dismiss** |

Defendant Arvig Enterprises, Inc. ("Arvig"), by and through counsel undersigned, hereby moves to dismiss Counts Eight (Common Law Fraud), Nine (Racketeering), and Ten (Conspiracy) of Plaintiff's Complaint.[1] As pled, Plaintiff fails to state a claim upon which relief may be granted with respect to these five claims and they should thus be dismissed.

---

[1] Pursuant to Local Rule 12.1(c), counsel for Arvig certifies that he has conferred with counsel for Plaintiff regarding the subject of this motion, and the parties disagree as to whether the issues raised in this motion are curable by a permissible amendment offered by the pleading party.

118918604.1

## I. FACTUAL ALLEGATIONS[2]

This case concerns the alleged violation of various restrictive covenants by Cyd Beck. Plaintiff K.W. Brock Enterprises (referred to as either "Plaintiff" or its trade name, "Names and Numbers") employed Ms. Beck as a salesperson. *See* Complaint (Doc. 1) at ¶¶ 12-13. Her duties included soliciting, securing, and maintaining for Plaintiff advertising contracts for local business directories and digital products. *See* Complaint (Doc. 1) at ¶ 15.

At some point in 2025, Plaintiff made the business decision to cease offering print advertising and to instead convert existing print customers to digital. *See* Complaint (Doc. 1) at ¶ 51-52. Plaintiff alleges that, at some point in or around July 2025, it became aware that Ms. Beck was employed by Arvig at the same time she was employed by Plaintiff. *See* Complaint (Doc. 1) at ¶ 24. Ms. Beck then resigned her employment, and Plaintiff accepted this resignation. *See* Complaint (Doc. 1) at ¶¶ 26-27. Plaintiff alleges that, at the time Ms. Beck was working for Plaintiff, she was also working for Arvig and that Arvig thus diverted business away from Plaintiff to Arvig. *See* Complaint (Doc. 1) at ¶ 44.

## II. LEGAL ARGUMENT

Plaintiff's Complaint generally alleges that Arvig Enterprises, Inc. improperly siphoned business from Plaintiff by hiring Defendant Cyd Beck. The problem for Plaintiff is that even assuming the plausible allegations of its Complaint to be true, it has vastly overreached as to the claims that it can state.

---

[2] A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the complaint fails to state either a cognizable legal theory or sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

118918604.1

### A. **Plaintiff cannot state a claim against Arvig for common law fraud (Count Eight).**

To maintain its common law fraud claim, Plaintiff must plead each of the elements of fraud. These nine elements are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) consequent and proximate injury. *Koen v. Cavanagh*, 222 P.2d 630, 632 (Ariz. 1950).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This includes the "time, place, and specific content of the false representations as well as the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1391, 1401 (9th Cir. 1986).

Plaintiff has not pled any of the elements of its fraud claim with particularity. From the start, Plaintiff alleges that Ms. Beck "made implicit if not explicit representations to Names and Numbers that Ms. Beck was fulfilling her employment duties to Names and Numbers in good faith." *See* Complaint (Doc. 1) at ¶ 114. There is no specificity as to when these representations were made or who they were made to. Indeed, it is not clear that there even *were* any such representations, as Plaintiff alleges that these representations were "implicit if not explicit."

Worse, the alleged representation is that Ms. Beck was "fulfilling her employment at Names and Numbers in good faith." *See* Complaint (Doc. 1) at ¶ 114. The ensuing reliance is that it was "sufficiently important to influence Names and Numbers' actions in continuing to employ Ms. Beck and to continue to give her access to Names and Numbers' customers, potential client lists, and proprietary information." *See* Complaint

3

(Doc. 1) at ¶ 117. In other words: the alleged fraud is that Ms. Beck continued to do her job, and the reliance is that Plaintiff continued to employ her. This is endemic of Plaintiff's failure to plead this fraud claim with particularity, and, as a result, Plaintiff's common law fraud claim should be dismissed.

### B. Plaintiff cannot state a claim against Arvig for racketeering (Count Nine).

Plaintiff's racketeering claim meets a similar fate. In order to establish a state law racketeering claim, Plaintiff must establish: (1) defendant engaged in a pattern of unlawful activity for the purpose of financial gain; (2) defendant's pattern of unlawful activity caused plaintiff's damages; and (3) plaintiff's damages were a reasonably foreseeable result of name of defendant's pattern of unlawful activity. A.R.S. § 13-2314.04(A). "Unlawful activity" means any crime committed for financial gain which is punishable by imprisonment for more than one year, regardless of whether the defendant was actually charged or indicted, and a "pattern of unlawful activity" is at least two such acts that are related to each other and amounted to or posed a threat of continued unlawful activity. A.R.S. § 13-2314.04(S)(3)(a).

Plaintiff alleges that the "pattern of unlawful activity" here is "two or more instances of a scheme or artifice to defraud, namely, interfering with contract, interfering with business expectancy, and unfair competition, all as further described above, to the detriment of Names and Numbers." *See* Complaint (Doc. 1) at ¶ 129. But interference with contract, interference with business expectancy, and unfair competition are not "schemes" or "artifices" to defraud. Even if they were, though, Plaintiff would be required to plead this, as with any other fraud claim, with particularity. Fed. R. Civ. P. 9(b); *Steinberger v. McVey ex rel. County of Maricopa*, 318 P.3d 419, 435 (Ariz. App. 2014) (requiring that "fraud-based claims" must be pled with particularity under Arizona's version of Rule 9(b)). As such, Plaintiff fails to state a claim for racketeering.

118918604.1

**C.     Plaintiff cannot state a claim against Arvig for conspiracy (Count Ten).**

Plaintiff's civil conspiracy claim meets the same fate. Civil conspiracy requires proof that two or more people to agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages. Mere agreement is insufficient; there must also be a wrongful act. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 36 (2002).

Yet again, Plaintiff alleges fraud but fails to plead this fraud with particularity. Here, Plaintiff's conspiracy claim is premised on an agreement "whether explicitly or implicitly … to accomplish the unlawful purposes of defrauding Names and Numbers, racketeering, interfering with contract, interfering with business expectancy, and unfair competition, all as further described above, to the detriment of Names and Numbers." *See* Complaint (Doc. 1) at ¶ 135. As before, because Plaintiff alleges fraud, that fraud must be pled with particularity, and Plaintiff has failed to allege any specific regarding the alleged conspiracy to "defraud" Names and Numbers. Because this is a fraud-based claim that has not been pled with particularity, it must be dismissed.

**III.     CONCLUSION**

Plaintiff's Complaint contains multiple claims that allege some specie of fraud, and none are pled with particularity. This runs afoul of Rule 9(b) and, as a result, these fraud-based claims must be dismissed.

118918604.1

DATED this 6th day of October, 2025.

                                          JONES, SKELTON & HOCHULI, P.L.C.

                                          By /s/David C. Potts
                                              Jeremy C. Johnson
                                              David C. Potts
                                              40 N. Central Avenue, Suite 2700
                                              Phoenix, Arizona 85004
                                              Attorneys for Defendant Arvig Enterprises, Inc.

118918604.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this _____ day of October, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Cyd Beck
215 South Cherry Ave #1
Tucson, Arizona 85719

/s/D. Potts
_____

118918604.1