Jeremy C. Johnson, Bar #025203
David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4453
Fax: (602) 200-7868
jjohnson@jshfirm.com
dpotts@jshfirm.com

Attorneys for Defendant Arvig Enterprises,
Inc., dba Arvig Media

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| K.W. Brock Directories, Inc. aka Names and Numbers, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>Arvig Enterprises, Inc. dba Arvig Media, a Minnesota corporation; Cyndi Beck aka Cyd Beck and Doe Beck, a married couple,<br><br>Defendants. | No. 3:25-cv-08172-MTL<br><br>**Defendant Arvig Enterprises, Inc.'s Proposed Findings of Fact and Conclusions of Law** |

Defendant Arvig Enterprises, Inc. ("Arvig") hereby submits its Proposed Findings of Fact and Conclusions of Law:

**I.     FINDINGS OF FACT**

1.     Arvig Enterprises, Inc. ("Arvig") is a Minnesota corporation that offers, among other services, digital and print advertising.

2.     Arvig publishes a printed business directory in 11 states and actively solicits businesses in these states to advertise in their directories.

3.     Though some businesses have chosen to reduce or eliminate their printed directory business, Arvig has chosen to expand its printed directory business.

119082615.1

4. In 2025, Names and Numbers chose to reduce or eliminate its printed directory business in Arizona, offering only a "digital book" in most of its markets.

5. Names and Numbers intended to eliminate its printed directory business in Arizona entirely.

6. In turn, Names and Numbers intended to "convert" their printed directory customers to digital, selling advertising services to be used online rather than advertising in a printed directory.

7. Names and Numbers did this in an effort to reduce costs and increase profits, since it would lose the overhead associated with producing a printed directory.

8. In doing so, Names and Numbers materially changed the nature of its employees' work, since employees were no longer selling printed advertising in a directory, but solely selling digital advertising services.

9. Names and Numbers has historically advertised to prospective customers by stressing the importance of a printed directory:



10. In 2025, Arvig retained Cyd Beck as an independent contractor.

11. Arvig was aware that Ms. Beck worked for Names and Numbers, but knew that Names and Numbers was no longer offering a printed business directory and expected that Ms. Beck would soon resign her employment.

2

119082615.1

12. Unbeknownst to Arvig, Ms. Beck continued her employment with Names and Numbers during the time she worked as an independent contractor for Arvig.

13. During Ms. Beck's time as an independent contractor for Arvig, she did not sell any digital advertising services to customers on behalf of Arvig.

14. Arvig does not, to its knowledge, possess any alleged "Confidential Information" about Names and Numbers, including any client lists, client contacts, or sales and business plans.

15. Arvig does not have any information regarding Names and Numbers' allegation that Ms. Beck represented that "Arvig bought Names & Numbers" or that anyone went through any kind of "rebranding."

16. Arvig independent contractors have, though, emphasized that Names and Numbers is no longer offering a printed directory.

17. In turn, Names and Numbers representatives have told customers that Arvig is subject to this lawsuit and, as a result, will not be able to release a printed directory.

18. Further, Names and Numbers has expressly complained that Arvig is "moving more sales reps into our territory to work it faster."

## II. CONCLUSIONS OF LAW

1. Under Arizona law, "[t]he general rule is that while an employer is liable for the negligence of its employee under the doctrine of respondeat superior, an employer is not liable for the negligence of an independent contractor." *Wiggs v. City of Phoenix*, 10 P.3d 625, 627 (Ariz. 2000).

2. Ms. Beck's independent contractor agreement with Arvig expressly provides that she "is acting as an independent contractor and not as an employee."

3

119082615.1

3.  Ms. Beck's independent contractor agreement lacks the indicia of control that would render her an employee, as it contains no non-competition agreement and no comprehensive description of duties.

4.  Ms. Beck further was not treated as an employee by Arvig, as she was not subject to Arvig's control and instead acted independently to obtain business for Arvig. *See* Restatement (Third) of Agency, § 7.07(3)(a); *Engler v. Gulf Interstate Engineering, Inc.*, 280 P.3d 599, 602 (Ariz. 2012) (adopting § 7.07 as the appropriate test for determining vicarious liability).

5.  Under these facts, Arvig is not vicariously liable for the actions of Ms. Beck.

6.  Names and Numbers has failed to present evidence that Arvig has a duty towards Names and Numbers with respect to its retention of Ms. Beck as an independent contractor such that Arvig is vicariously liable for the actions of Ms. Beck.

7.  This case does not implicate any non-delegable duty under Arizona law, so Arvig is not *per se* liable for the actions of Ms. Beck.

8.  The "apparent authority" doctrine does not apply because Names and Numbers is not the party who allegedly relying upon the agent's apparent authority. *Anchor Equities, Ltd. v. Joya*, 773 P.2d 1022, 1025 (Ariz. App. 1989).

9.  With respect to its tortious interference with contract claim, Names and Numbers cannot establish that its clients left because of alleged tortious interference rather than from Names and Numbers' independent decision to stop printing a business directory in the relevant markets.

10. With respect to its tortious interference with business expectancy claim, Names and Numbers cannot establish that the expectancy constitutes more than a

4

119082615.1

"mere hope" as required by Arizona law, since it is premised on Names and Numbers converting customers from a printed business directory to digital advertising. *Dube v. Likins*, 167 P.3d 93, 99-100 (Ariz. App. 2007).

11. Because Names and Numbers cannot establish that it is likely to succeed on the merits of this case, it is not entitled to an injunction.

12. In order to prove entitlement to a preliminary injunction, a plaintiff must establish that it is likely to suffer irreparable harm in the absence of an injunction. *Winter v. Nature Resources Defense Council, Inc.,* 555 U.S. 7, 22 (2008).

13. "Irreparable harm is harm for which there is no adequate remedy at law, such as money damages." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

14. The burden is on those seeking injunctive relief to "proffer evidence sufficient to establish a likelihood of irreparable harm." *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013).

15. Here, Names and Numbers is unable to establish that it will suffer irreparable harm in the absence of an injunction, since it is reasonable to assume that Names and Numbers has lost business through its independent business decisions rather than any tortious conduct by Arvig.

16. Names and Numbers is unable to establish that it will face an imminent loss of clients, reputation, or goodwill in the absence of an injunction, since Arvig is entitled to continue to compete fairly for the business of customers who wish to continue advertising in a printed business directory.

17. To the extent that Names and Numbers alleges that it has lost business due to the tortious conduct of Arvig, the alleged damages are quantifiable and

119082615.1

could be remedied through damages, as Names and Numbers appears to have already done.

18. As such, Names and Numbers cannot establish that it will suffer irreparable harm in the absence of an injunction.

19. A preliminary injunction is an "extraordinary remedy never awarded as a matter of right," and, in each case, the courts must balance the competing claims of injury and the effect of granting and withholding the requested relief. *Winter*, 555 U.S. at 24.

20. Here, the balance of equities does not favor issuing a preliminary injunction against Arvig, as a preliminary injunction would prevent free and fair competition in the market.

21. Names and Numbers' stated desire to prevent Arvig from "moving more sales reps into our territory to work it faster" is itself evidence that Names and Numbers intends to prevent competition through this injunction.

22. Moreover, representations by Names and Numbers' representatives regarding this lawsuit and its intended effect to prevent Arvig from releasing a printed directory is further evidence that Names and Numbers intends to prevent competition through this injunction.

23. As such, the balance of equities does not favor issuance of a preliminary injunction.

24. Likewise, the public interest does not favor the issuance of a preliminary injunction, since it will prevent fair competition in the marketplace.

25. Finally, an injunction should be "no more burdensome to the defendant than necessary to provide complete relief to plaintiffs." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 729 n. 1 (9th Cir. 1983).

26. The proposed injunction, which prohibits "derogatory" statements by Arvig about Names and Numbers, is more burdensome than necessary, as it prohibits solicitation of Names and Numbers customers to the extent that any negative information about Names and Numbers is presented, even if no tortious conduct is involved.

27. For all of these reasons, Plaintiff's Motion for a Preliminary Injunction is denied.

DATED this 16th day of October, 2025.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/David C. Potts
    Jeremy C. Johnson
    David C. Potts
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendant Arvig
    Enterprises, Inc., dba Arvig Media

119082615.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/D. Potts

119082615.1