**FFOX LAW LLC**
80 E PALOMINO DR
TEMPE, AZ 85284
TELEPHONE 602.908.1707
Frank M. Fox, SBA 010235
Email: fmetzfox@ffoxlaw.com

*Attorneys for Defendant Cydni Beck*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| K.W. Brock Directories, Inc., aka Names and Numbers, a Kansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Cydni Beck, aka Cyd Beck and Doe Beck, a married couple; Arvig Enterprises, Inc., dba Arvig Media, a Minnesota corporation,<br><br>Defendants. | Case No.: 3:25-cv-08172-MTL<br><br>**DEFENDANTS CYDNI BECK'S AND ARVIG MEDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## I.  INTRODUCTION

Plaintiff seeks the extraordinary remedy of a preliminary injunction based on restrictive covenants that are overbroad, mismatched to the alleged conduct, and, critically, not the agreement Ms. Beck signed. The record shows that Names and Numbers unilaterally expanded or altered material terms after the execution, without any new agreement by Ms. Beck. Plaintiff also fails to show competition: at Arvig, Ms. Beck sells only paper (print directory) products, while Names and Numbers represents that it sells digital and print advertising, but, in this controversy, positions itself as a digital-only seller, rendering no competitive overlap with Ms. Beck's current role. On this record, Plaintiff cannot demonstrate likelihood of success, irreparable harm, or that the balance

of equities and public interest favors the requested restraints. The motion should be denied.

## II. LEGAL STANDARD

Plaintiff bears the burden on all four *Winter* factors. 555 U.S. 7, 20 (2008). Plaintiff has not met that burden on this record.

## III. ARGUMENT

**A. Plaintiff cannot show a likelihood of success because (A) the operative contract was altered after execution without a new agreement, and (B) the restrictive covenants do not reach Beck's current, non-competitive sales of print-only products.**

**1. Names and Numbers altered the contract post-signing without a new agreement.**

Plaintiff's motion relies on provisions in a "Salesperson Employment Contract" attached to its Complaint as Exhibit A. Yet Plaintiff's own filing characterizes the covenants by current Company priorities and definitions (including an expansive "Confidential Information" definition covering "digital products") and seeks to enforce them beyond what Ms. Beck agreed to. Plaintiff provides no evidence of a subsequently executed agreement or fresh consideration to support any post-execution changes. Kansas law governs the contract. Without proof of mutual assent and consideration to any altered terms, Plaintiff is unlikely to prevail on enforcement of those restrictive covenants. See elements Plaintiff itself cites for breach under Kansas law, requiring "execution and existence of the contract" and "consideration."

**2. Beck's current role does not compete with Names and Numbers' asserted business in this dispute.**

Plaintiff repeatedly defines its protectable business as including "online and printed advertising," with emphasis on digital products and digital renewals in the markets at issue. It asserts harm because purported "print dollars" were not "moved to digital with Names and Numbers." Names and Numbers also frames its "Competitive Business" definition to include "publication of print or online local business directories

and digital products, or solicitation of advertising." But the conduct at issue shows the separation: Plaintiff claims Ms. Beck "moved the print dollars to Arvig Media". At the same time, it retained only "$30,000 in digital," underscoring that Ms. Beck at Arvig handled print, not digital. Plaintiff further alleges Ms. Beck told customers "Your print is with Arvig and your digital is with Names and Numbers," confirming the delineation between Arvig print and Names and Numbers digital. On this record, Ms. Beck's current work selling only paper/print products for Arvig is not competitive with Names and Numbers' asserted digital focus in these markets, and any non-compete/no solicitation should not extend to non-competing product lines.

      **B.**    **Plaintiff cannot show irreparable harm because its claimed injury is speculative, monetary, and based on alleged digital shortfalls unrelated to Ms. Beck's print-only role.**

Plaintiff's harm theory hinges on not converting "print" to "digital," i.e., lost sales allegedly quantifiable in dollars. Monetary shortfalls are not irreparable. Plaintiff points to a contract clause reciting irreparable harm. Still, such boilerplate cannot substitute for evidence and is especially weak where the purported harm arises from product-line distinctions Plaintiff acknowledges (digital) that Ms. Beck does not sell at Arvig (print). Plaintiff's conjectural nationwide "scheme" further underscores speculation, not irreparability.

      **C.**    **The balance of equities and public interest disfavors an injunction that would bar non-competitive, lawful employment.**

Plaintiff seeks to bar Ms. Beck from "any Competitive Business" across broad geographies for 24 months, plus sweeping no solicitation restraints enjoining Ms. Beck from selling print-only products, where Plaintiff claims harm in digital would unfairly and unnecessarily restrain lawful work. Plaintiff admits Defendants could "carry on and engage in the advertising business" outside its directory areas—an acknowledgment that narrower relief is sufficient to protect its stated interests if any existed. Public policy does not favor using restrictive covenants to eliminate lawful, non-competitive employment

or to enforce post-execution changes absent assent and consideration. See Plaintiff's own citation that covenants must be "properly-tailored."

### D. Plaintiff's evidentiary showing does not justify preliminary relief.

Plaintiff relies on internal characterizations and selected emails to claim customer confusion. Even accepting those allegations arguendo for this motion, they pertain to past communications, are tied to print-versus-digital allocations, and are remediable through damages and targeted conduct restrictions (e.g., no misrepresentations), not a sweeping non-compete that would bar Ms. Beck's print-only sales. Plaintiff already requests injunctive relief against misrepresentations generally as to all Defendants. Narrow relief of that sort, if any, is warranted and would fully address Plaintiff's concerns without restraining non-competing employment.

## IV. CONCLUSION

Plaintiff has not carried its burden on likelihood of success, irreparable harm, equities, or public interest. The Court should deny the motion. Alternatively, if any relief issues, it should be narrowly tailored to prohibit misrepresentations and the use or disclosure of genuine, identified confidential information, without restricting Ms. Beck's current, non-competitive print-only sales role and without enforcing any post-execution alterations to the agreement, absent proof of assent and consideration.

Respectfully submitted this 22nd day of October, 2025.

FFOX LAW LLC

/s/ Frank Fox
Frank M. Fox
80 E Palomino Dr.
Tempe, AZ 85284
fmetzfox@ffoxlaw.com

Attorneys for Defendant Cydni Beck

DEFENDANTS CYDNI BECK'S AND ARVIG MEDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

DEFENDANTS CYDNI BECK'S AND ARVIG MEDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION