# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K.W. Brock Directories Incorporated, | No. CV-25-08172-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Arvig Enterprises Incorporated, et al., | |
| Defendants. | |

On August 25, 2025, Plaintiff K.W. Brock filed an emergency motion for a preliminary injunction (Doc. 9) against Defendants Arvig Enterprises and Cydni Beck for alleged breach of contract, unfair competition, interference with contract, interference with business expectancy, fraud, racketeering, civil conspiracy, and aiding and abetting tortious conduct. Plaintiff proposed two injunctions, separately enforceable against each defendant. (Doc. 37.) The Court held a hearing on the motion (Doc. 9) on October 23, 2025.

With respect to Plaintiff's request to preliminarily enjoin Defendant Beck, for the reasons stated on the record at that hearing and based on the evidence proffered by the parties, the Court finds that Plaintiff has made a clear showing that Plaintiff is likely to succeed on the merits of its claims, that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in Plaintiff's favor, and that a temporary restraining order is in the public's interest. Plaintiff has made a requisite showing that injunctive relief is appropriate. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).

1    The Court will construe Plaintiff's request for an emergency preliminary injunction as a motion for a temporary restraining order. A temporary restraining order against Defendant Beck will issue in this Order. A separate order granting preliminary injunctive relief against Defendant Beck will issue in due course.

With respect to Plaintiff's request to preliminarily enjoin Defendant Avrig Enterprises, for the reasons stated on the record at that hearing and based on the evidence proffered by the parties, the Court finds that Plaintiff has failed to make a clear showing that Plaintiff is likely to succeed on the merits of their claims, that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in Plaintiff's favor, and that a temporary restraining order is in the public's interest. Plaintiff has not made a requisite showing that injunctive relief is appropriate. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 9) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 65, Defendant Beck, is temporarily enjoined and restrained from:

1.    Using, disclosing, copying, or divulging Plaintiff's Confidential Information in Defendant Beck's possession or control for any purpose. Confidential Information includes trade secrets, confidential and/or proprietary information obtained from Plaintiff or any subsidiary, parent, or affiliate of Plaintiff, including information used by or belonging to Plaintiff which is not generally known to the public, including, but not limited to, business or trade secrets, customer lists, prospect lists, price lists, cost lists, methods, policies, know-how, manuals, business strategies, and all other information, knowledge, or data of any kind obtained from Plaintiff. Confidential Information does not include information that is publicly available, independently developed by Defendant Beck without use of Plaintiff's confidential materials, or derived solely from Defendant Beck's general knowledge, skill, and experience;

2. Making any false representation to any of Plaintiff's current customers or falsely representing, negligently representing, and/or purposefully omitting material information to Plaintiff's current customers;

3. Soliciting, assisting in the solicitation of, accepting, or advertising to any current customer of Plaintiff, as of July 23, 2025; and

4. Carrying on or engaging in any business that competes with Plaintiff's advertisement business, including any business activity that relates to publication of print or online local business directories, in any area covered by a Names and Numbers local business directory in the state of Arizona, and a radius of twenty-five (25) miles beyond such areas.

**IT IS FURTHER ORDERED** that this order is binding on (1) Defendant Beck, (2) Defendant Beck's officers, agents, servants, employees, and attorneys, and (3) other persons wo are in active concert or participation with anyone as described in (1) or (2). *See* Fed. R. Civ. P. 65(d)(2).

**IT IS FURTHER ORDERED** that Plaintiff must deposit with the Court Seventy-Five Thousand Dollars ($75,000.00), in accordance with Federal Rule of Civil Procedure 67 and Local Rule of Civil Procedure 67.1, no later than **Tuesday, October 28, 2025**.

**IT IS FINALLY ORDERED** that this Temporary Restraining Order will remain in effect for fourteen (14) days after Plaintiff posts bond. An order granting a preliminary injunction will issue in due course.

Dated this 23rd day of October, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge