WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K.W. Brock Directories Incorporated,<br>Plaintiff,<br>v.<br>Arvig Enterprises Incorporated, et al.,<br>Defendants. | No. CV-25-08172-PCT-MTL<br><br>**ORDER** |

The Court now considers Defendant Cydni Beck's motion to set aside entry of default. (Doc. 33.)

## I. BACKGROUND

On October 7, 2025, upon Plaintiff's motion, the Clerk of Court entered default as to Ms. Beck after she did not respond to the complaint. (Doc. 28.) That same day, Ms. Beck filed an answer. (Doc. 29.) Plaintiff K.W. Brock moved to strike the answer because of Ms. Beck's default status. (*Id.*) In response, Ms. Beck moved to set aside the entry of default. (Doc. 33.)

## II. DISCUSSION

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Ninth Circuit's standard for granting a motion to set aside entry of default is liberal. Good cause exists where: (1) the movant's conduct leading to the default was not culpable, (2) the movant alleges facts sufficient to establish a meritorious defense, and (3) setting aside the default would not prejudice non-moving parties. *U.S. v. Signed Personal Check*

*No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[A] case should, whenever possible, be decided on the merits." *Id.* at 1090. (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001) (emphasis in original). Culpability requires more than a conscious choice not to answer; it requires an intention to take advantage of an opposing party, interfere with judicial decision-making, or otherwise act in bad faith. *Signed Personal Check*, 615 F.3d at 1093 (citation omitted).

Ms. Beck states that her failure to respond to the complaint was due to lack of notice. (Doc. 33 at 1-2.) This does not rise to the level of bad faith, so Ms. Beck did not act culpably.

### B. Meritorious Defense

To satisfy the requirement that the movant have a meritorious defense, Ms. Beck must allege facts that, if true, would constitute a defense. *Signed Personal Check*, 615 F.3d at 1091. "[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. Ms. Beck alleges facts sufficient to constitute a defense, including allegations related to the scope of Ms. Beck's employment agreement. (Doc. 52.) Ms. Beck alleges sufficient facts to establish a meritorious defense.

### C. Prejudice

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. "[T]he standard is whether [Plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463.

Here, setting aside default as to Ms. Beck will not hinder Plaintiff's ability to pursue its claim. For one, Ms. Beck filed her answer on the same day that default was entered. (Docs. 28, 29); *see TCI Group*, 244 F.3d at 701 (finding that a party's appearance one

1 month after entry of default was timely enough to indicate a lack of prejudice). Notwithstanding Ms. Beck's tardy response to the complaint (Doc. 1), litigation is proceeding as planned. The Court's hearing on Plaintiff's motion for a preliminary Injunction was not delayed (Doc. 51), and Ms. Beck has diligently worked to provide briefing on the Plaintiff's motion for a preliminary injunction (Doc. 52). Setting aside default will not prejudice the non-moving parties.

Having considered Defendant Cydni Beck's motion to set aside entry of default (Doc. 33),

**IT IS ORDERED** that the motion to set aside entry of default (Doc. 33) is **GRANTED**. The Clerk of Court is instructed to set aside default against Ms. Beck at Docket No. 28.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Ms. Beck's answer (Doc. 30), filed on the basis that default had been entered as to Ms. Beck, is **DENIED** as moot.

Dated this 24th day of October, 2025.

Michael T. Liburdi
United States District Judge