Jeremy C. Johnson, Bar #025203
David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4453
Fax: (602) 200-7868
jjohnson@jshfirm.com
dpotts@jshfirm.com

Attorneys for Defendant Arvig Enterprises, Inc., dba Arvig Media

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| K.W. Brock Directories, Inc. aka Names and Numbers, a Kansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>Arvig Enterprises, Inc. dba Arvig Media, a Minnesota corporation; Cyndi Beck aka Cyd Beck and Doe Beck, a married couple,<br><br>Defendants. | No. 3:25-cv-08172-MTL<br><br>**Defendant Arvig Enterprises, Inc.'s Reply in Support of its Partial Motion to Dismiss** |

Defendant Arvig Enterprises, Inc., by and through counsel undersigned, hereby replies in support of its Partial Motion to Dismiss. Even now, while restating Rule 9(b)'s particularity requirement, Plaintiff never once actually explains the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). In so doing, even now, Plaintiff fails to plead any of its fraud-based claims with particularity, and all should be dismissed.

119094008.1

I. **LEGAL ARGUMENT**

    A. **Plaintiff has not pled a fraud claim with particularity.**

Plaintiff admits that, under Rule 9(b), fraud must be pled with particularity. In the Ninth Circuit, pleadings satisfy Rule 9(b) when they "identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, U.S. ex rel. v. Gen. Dynamic C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal cite omitted).

But Plaintiff does not explain how the allegations of the Complaint meet this requirement. Instead, Plaintiff posits that Arizona law permits a claim of fraud by "nondisclosure," citing *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 36 (Ariz. 2002).

This is, in fact, the exact *opposite* of what the Court held. In *Wells Fargo Bank*, the Arizona Supreme Court, citing *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000), distinguished between "concealment" and "nondisclosure" for purposes of a fraud claim. 38 P.3d 12, 35 (Ariz. 2002). Concealment is characterized by deceptive acts or contrivances intended to hide information or prevent inquiry; in contrast, "nondisclosure" is characterized by mere silence. *Id.* at 36. In citing Prosser's Handbook on the Law of Torts, the Arizona Supreme Court held that simple nondisclosure is a "separate category, usually requiring a duty to speak before silence will be actionable." *Id.*

The issue, then, is not just Plaintiff's failure to plead its fraud claim with particularity: it is that there is no particularity to plead in the first place. Each of the cases cited by Plaintiff involves actual representations made directly by the defendant to the plaintiff. In *MacDougal v. McCarty*, for example, the plaintiff made alleges about "purported misrepresentations made by Defendant to Plaintiff about what property in her mother's estate she was entitled." 2014 WL 12694304, at *4 (D. Ariz. Sept. 10, 2014). In *Blau v. America's Servicing Co.*, the Court did not even address Rule 9(b)'s particularity

2

requirements, but found that the allegation that "an employee of Wells Fargo falsely promised to modify her mortgage payment schedule and then promised not to report any late payments made pursuant to this modified plan to the appropriate credit reporting agencies" was enough to state a claim for common law fraud. 2009 WL 3174823, at *3 (D. Ariz. Sept. 29, 2009).

Here, though, Plaintiff's sole allegation is that Ms. Beck "impliedly through her silence" committed common law fraud and that, as a result, Arvig is liable to Names and Numbers for fraud. There are no specific representations alleged about Arvig and no specific reliance explained by Plaintiff. Indeed, it is not clear how Arvig can possibly "prepare an adequate answer from the allegations" given the broad and imprecise nature of Plaintiff's allegations.

Finally, Plaintiff argues at length all the various reasons why it should maintain a claim against Arvig: it "would never have continued to employ Ms. Beck had it known Ms. Beck was working for a direct competitor," "Ms. Beck owed a duty to disclose information that was material to Names and Numbers," Ms. Beck's "direct competition with Names and Numbers" was a "violation of her employment contract," and so on. But none of this addresses the *fraud* claim. Plaintiff has made a host of claims against Arvig on all kinds of legal theories, and Plaintiff remains free to litigate those claims. But violation of an employment contract is not itself fraud, and because Plaintiff has failed to plead fraud with particularity, the fraud claim should be dismissed.

### B. Plaintiff has not pled a racketeering claim.

Plaintiff's racketeering claim fares even worse. A statutory racketeering claim under A.R.S. § 13-2314.04(A) requires a "pattern of unlawful activity," which means at least two crimes committed for financial gain that are punishable by imprisonment for more than one year. A.R.S. § 13-2314.04(S)(3)(a).

3

Plaintiff has not identified anything about this supposed "pattern of unlawful activity," instead citing Arizona cases that show, as a general proposition, that the fraud statute (A.R.S. § 13-2310) should be interpreted "broadly." The cases cited, though, are criminal cases in which the defendant was prosecuted for "swindles, Ponzi schemes, confidence games, and similar frauds in which the perpetrator takes advantage of the victim by inducing the latter to turn over property or money based on a false picture painted by the perpetrator." *State v. Johnson*, 880 P.2d 132, 135 (Ariz. 1994). To be sure, the "fraud" here, as explained above, is that Ms. Beck continued to work for Plaintiff while she worked for Arvig, and Plaintiff believes that this constitutes a crime committed by Arvig for financial gain that is punishable by imprisonment for more than a year.

Even accepting this logical leap, Plaintiff has not identified a *pattern*. A civil racketeering claim requires a *pattern* of racketeering activity. This requires not only at least two such crimes, but that the acts be "related," "continuous," and "over a substantial period of time," meaning more than a few weeks or months. *Lifeflite Medical Air Transport, Inc. v. Native American Air Services, Inc.*, 7 P.3d 158, 161–62 (Ariz. App. 2000). The allegations here do not come close to meeting these requirements, and Plaintiff has failed to state a civil racketeering claim.[1]

  **C.**  **Plaintiff has not pled a conspiracy claim.**

Plaintiff's conspiracy claim also fails.. Again, Plaintiff has failed to plead the underlying tort (fraud) with particularity, dooming the claim from the start. However, as with the racketeering claim, Plaintiff has also failed to plead the other required elements of the claim. A conspiracy claim requires, by its very nature, agreement to participate in a

---

[1] To be sure, to the extent that Plaintiff's racketeering claim is based upon purported fraud, all such fraud allegations would need to be pled with particularity pursuant to Rule 9(b). But Plaintiff has failed to plead any fraud claim with particularity and has not even bothered to plausibly allege a "pattern" as required by statute, much less a pattern with the requisite particularity.

4

tort. *Wells Fargo Bank v. Arizona Laborers, Teamsters, and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.2d 12, 37 (Ariz. 2002).

Not only does Plaintiff fail to adequately allege "agreement," but it actively rejects that it must do so. In its Response, Plaintiff claims that "Arvig Media attempt to argue that this allegation is again premised on an explicit or implicit agreement…But that is blatantly incorrect."

But conspiracy *requires* agreement by its very terms; if there is no "explicit or implicit agreement," there is no conspiracy. Indeed, Plaintiff's recitation of the various "evidence" supporting the conspiracy claim – e-mails between Ms. Beck and Mr. McKnight, the executed employment contract between Ms. Beck and Names and Numbers, and so forth – do nothing to establish that Arvig and Ms. Beck agreed to commit a tortious act. As such, because Plaintiff can neither allege the underlying fraud with particularity or allege agreement to commit the underlying tort, its claim fails.

## II.  CONCLUSION

Plaintiff fails to plead any of its fraud claims with particularity and fails to even adequately allege the elements of racketeering and conspiracy. As such, Plaintiff's claims for fraud, racketeering, and conspiracy must be dismissed.

DATED this 27th day of October, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/David C. Potts
    Jeremy C. Johnson
    David C. Potts
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendant Arvig
    Enterprises, Inc., dba Arvig Media

119094008.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/D. Potts

119094008.1