**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K.W. Brock Directories Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Arvig Enterprises Incorporated, et al.,<br><br>Defendants. | No. CV-25-08172-PCT-ROS<br><br>**ORDER** |

Before the Court is Defendant Cydni Beck's Motion to Reconsider and In the Alternative an Expedited Trial, (Doc. 80), and Supplemental Brief Showing Good Cause for Untimely Motion for Reconsideration, (Doc. 84). The Court ordered Plaintiff and Defendant Arvig Enterprises Inc. to file responses. (Doc. 81.) Plaintiff urges the Court to deny reconsideration, (Doc. 91); Defendant Arvig takes no position on reconsideration but objects to an expedited trial, (Doc. 90).

**I.     Reconsideration**

Defendant Beck's Motion is untimely because it was filed over fourteen days after the order had been filed for which she seeks reconsideration. *See* LRCiv 7.2(g)(2). The Court ordered Defendant Beck to file supplemental briefing showing good cause why her untimeliness should be excused. (Doc. 81.) Having reviewed her briefing and supporting documentation of her counsel's medical condition, the Court will consider her untimely Motion.

Defendant Beck seeks reconsideration of the Court's order dated October 30, 2025,

granting a preliminary injunction against Beck and her officers, agents, servants, employees, and attorneys. (*See* Doc. 73.) Notably, Defendant Beck argues only under Rule 60(b)(4) of the Federal Rules of Civil Procedure, making no mention of Local Rule 7.2(g). Plaintiff, noting the unclear grounds on which Beck requests relief, argues her Motion fails under either Rule 60(b)(4) or Local Rule 7.2(g). The Court will consider Plaintiff's request under both rules.

Rule 60(b)(4) permits a party to motion a court for relief "from a final judgment, order, or proceeding" if, *inter alia*, "the judgment is void." But "a preliminary injunction is not a final judgment, order, or proceeding that may be addressed by a motion under Rule 60(b)."[1] *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (internal quotation marks omitted); *see* 28 U.S.C. § 1292(a)(1) (orders granting preliminary injunctions are "interlocutory orders"). Nowhere in Defendant Beck's Motion does she explain why the Court should consider the preliminary injunction as anything but just that—a *preliminary* injunction. *Cf. Coleman*, 2024 WL 4298158 at *2 (Callahan, J., dissenting) ("In the context of this particular litigation, it is by no means clear that the 2017 Order did not have some characteristics of a permanent injunction, which may be challenged by a Rule 60(b) motion . . . ." (citing *Agostini v. Felton*, 521 U.S. 203, 215 (1997))). Rule 60(b) provides no mechanism for Defendant Beck's requested relief.

Unlike Rule 60(b), Local Rule 7.2(g) permits reconsideration of interlocutory orders such as preliminary injunctions, but it imposes strict requirements on movants:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

---

[1] This rule appears beyond dispute, having recently been affirmed by both the majority and dissenting judges on a Ninth Circuit panel. *See Coleman v. Newsom*, No. 23-15755, 2024 WL 4298158 (9th Cir. Sept. 26, 2024).

LRCiv 7.2(g)(1); *see also Novalpina Cap. Partners I GP S.A.R.L. v. Read*, 149 F.4th 1092, 1104 (9th Cir. 2025) ("A motion for reconsideration is an 'extraordinary remedy' that 'should not be granted, absent highly unusual circumstances.'" (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003))). In other words, the Court will deny Defendant Beck's Motion absent a showing of (1) manifest error in the Court's ruling, or (2) new facts or legal authority Defendant could not have reasonably presented previously.

Defendant Beck argues the Court erred in finding Plaintiff demonstrated irreparable harm and would likely succeed on the merits. But Defendant's Motion repeats the same arguments previously made in opposition to the preliminary injunction: the validity of her noncompete and other restrictive covenants; distinctions between the markets for print and digital advertising; speculation on Plaintiff's present and future business decisions; and assertions that any harm to Plaintiff is purely economic and remediable by monetary compensation. (*Compare* Doc. 52 at 1–5 *with* Doc. 80 at 6–13.)

Defendant Beck also fails to show new facts or legal authority that could not have been previously presented. The only new additions to the Motion seem to be eleven affidavits from businessowners attesting to the distinctions between print and digital advertising and why "an injunction limiting [their] vendor choice would be inappropriate." (*See* Doc. 80-1.) Not only does Defendant Beck rely on these affidavits to advance the same argument previously made, but she also fails to show why these affidavits could not have been presented earlier.[2]

Thus, Defendant Beck's Motion is improper under both Rule 60(b) and Local Rule 7.2(g), and the Court will deny reconsideration of the preliminary injunction.

## II.     Expedited Trial

Defendant Beck alternatively requests an expedited trial under Rule 65(a)(2) of the Federal Rules of Civil Procedure. Rule 65(a)(2) permits a court, "[b]efore or after

---

[2] Indeed, the identical language copy-pasted between each affidavit further suggests Defendant could have previously filed the affidavits with reasonable diligence, even with her counsel's documented medical condition.

beginning the hearing on a motion for a preliminary injunction," to "advance the trial on the merits and consolidate it with the hearing." This request is moot: the hearing on Plaintiff's preliminary injunction motion has already concluded, and Defendant fails to show how Rule 65(a)(2) may be used to otherwise advance a trial when there is no hearing with which to consolidate it.

Although the Motion raises equitable considerations,[3] Defendant Beck proposes no other procedural mechanism by which the Court might expedite trial. Of note, Local Rule 16.2 permits reassignment of cases to the expedited track based on complexity. LRCiv 16.2(b)(1)(A)(ii). "Such determination may be made either by the parties at filing, or by the Court at a preliminary scheduling conference." *Id.* Neither party requested assignment to the expedited track at filing, and the Court made no such determination at the preliminary scheduling conference. Further, this case is categorically inappropriate for the expedited track, which is reserved for cases lacking complex issues or facts "that usually are resolved on the pleadings." LRCiv 16.2(b)(1)(A)(i).

### III.   Attorney's Fees

Plaintiff requests an award of reasonable attorney's fees incurred in responding to Defendant Beck's Motion. (Doc. 91 at 7.) Plaintiff argues "[a] fee award is appropriate under this Court's inherent authority and 28 U.S.C. § 1927" as Defendant Beck's Motion unreasonably multiplied this proceeding by "rais[ing] issues already argued without clear distinction (in direct violation of LRCiv 7.2(g)(1)), lack[ing] any citations to authority or the record, and is entirely lacking in merit under Rule 60(b)."

---

[3] Namely, Defendant Beck argues "the Ninth Circuit recognizes the importance of expediting trials when temporary injunctions have a substantial economic impact on the enjoined party." (Doc. 80 at 15.) As with much of Defendant's Motion, this assertion is supported neither with facts demonstrating the economic impact on Defendant nor with legal authority suggesting how and why the Court should expedite trial in response. Additionally, Defendant cites *Beverage Distribs., Inc. v. Olympia Brewing Co.*, 395 F.2d 850 (1968), in asserting "[t]he Ninth Circuit has expressed concern about temporary injunctions approaching 'permanency' due to delays in getting to trial." But this fundamentally misstates the holding, which rejected the appellant's argument that a temporary injunction approached "permanency" simply because of delays in getting to trial. *Id.* at 851. The Ninth Circuit also put the onus squarely on the litigants—and not the district court—if they sought a speedier resolution of the claims: "[T]he parties should try to expedite the case in the district court. Perhaps the time spent on this appeal by both sides would have been enough to get the case to trial by now." *Id.*

The Court agrees Defendant Beck's Motion was meritless, advanced arguments that are entirely unsupported by existing authority, and requested relief that failed to comply with clear requirements and was not permitted under the rules cited. However, imposing sanctions under the Court's inherent power or 28 U.S.C. § 1927 requires the Court to find Defendant's counsel was reckless or acted in bad faith, rather than merely negligent or ignorant. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2015). This record does not clearly establish counsel was reckless or acted in bad faith to delay these proceedings, particularly as Defendant requested the Court expedite the proceedings should reconsideration be denied. Finally, notice and an opportunity to be heard are required before imposing sanctions under § 1927. *Smith v. Banner Health Sys.*, 621 F. App'x 876, 883 (9th Cir. 2015). As such, the Court will deny Plaintiff's request for attorney's fees.[4]

Accordingly,

**IT IS ORDERED** Defendant Beck's Motion to Reconsider and In the Alternative an Expedited Trial (Doc. 80) is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiff's request for attorney's fees under 28 U.S.C. § 1927 is **DENIED.**

Dated this 27th day of January, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[4] Even if the Court granted a fee award, reductions would likely be required in light of Plaintiff's failure to cite binding precedent that preliminary injunctions may not be addressed by a Rule 60(b) motion. *See Prudential Real Est. Affiliates*, 204 F.3d at 880. The Court does not find time was reasonably spent responding to Defendant's argument that the judgment is void, particularly as the plain language of Rule 60(b)—regarding "final" judgments—put counsel on notice that such precedent existed.